FILED
2009 Feb-06  AM 11:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

DENISE JONES,                   }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }       07-AR-1807-S
                                }
LAFARGE NORTH AMERICA, INC.,    }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION AND ORDER**

The court has before it two motions *in limine* filed by defendant, Lafarge North America, Inc. ("Lafarge"). One motion seeks to preclude any testimony or reference, offered by plaintiff, Denise Jones ("Jones"), concerning allegations by other Lafarge employees of discrimination. The other motion seeks to preclude testimony about Jones's alleged medical condition. Each motion is discussed in turn.

**Motion to Exclude Testimony of Other Employees**

For myriad reasons, Lafarge moves to preclude testimony of Ward Connor ("Connor"), Chris Bailey, Willie Durden, and/or Alando McDonald concerning alleged discrimination by Lafarge. Lafarge also seeks to exclude, as protected work-product, Lafarge's investigation into racial slurs allegedly made by Buffkin during its investigation of Connor's claims.

Jones responded that she would not utilize any of the above evidence in either her opening statements or during the *voire dire*. Jones also says she does not intend to call Bailey, Durden, and/or

McDonald during her case-in-chief, reserving the right to call them on rebuttal. Nor does Jones intend to call Connor about his claims of discrimination or of a racial slur. Instead, Jones states that "evidence or testimony relating to **their** allegations or the way that Defendant **handled, processed and/or responded** to the allegations may bear on issues material to Plaintiff's discrimination claims depending on the context." Pla.'s Mot. Resp. (Doc. 39) 2-3 (emphasis added).[1]

To the extent that Jones agrees with Lafarge's motion, the motion is well-taken and is GRANTED. In other words, Jones retains the right to call these disputed witnesses and present this evidence on rebuttal, subject, of course, to objections offered at trial. Insofar as Lafarge's motion seeks to exclude **materials** concerning the investigation, as barred by the work-product doctrine, its motion is well-taken and is GRANTED. In all other respects, Lafarge's motion is DENIED without prejudice to its right to object at trial, raising the same grounds presented in the motions *in limine* or other grounds then appropriate.

**Motion to Exclude Testimony of Jones's Medical Condition**

The parties agree that the plaintiff may describe her alleged symptoms. Lafarge, however, moves to exclude Jones from testifying about any diagnosis given her by medical personnel and to exclude

---

[1] The court assumes "their" refers to all potential witnesses, Bailey, Durden, McDonald, and Connor. Lafarge's reply brief calls Jones's response, "not clear," and impliedly asserts that Jones is referring only to Connor.

the medical records of Dr. Jonathan Merkle. To the extent Lafarge moves to exclude Jones's testimony about her diagnosis by medical personnel, Lafarge's motion is well-taken and is GRANTED. The record is hearsay. However, it may fall within the business record exception to the hearsay rule. Fed. R. Evid. 803(6); *see also* Fed. R. Evid. 803(6) advisory committee's notes. To the extent that Lafarge's motion seeks to exclude Jones's medical record, it is DENIED without prejudice to its right to object at trial, raising the same grounds presented in the motions *in limine* or other grounds then appropriate.

The trial is SET for **March 9, 2009, at 9:30 A.M.**

DONE this 6th day of February, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE